IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE M. LASKEY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORP.,<br><br>Defendant.<br>_____/ | No. C 08-01465 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND VACATING HEARING** |

In this tort action, defendant Microsoft Corp., moves for a more definite statement. Plaintiff *pro se* Laurie Laskey has filed no opposition to this motion. Under Rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." This rule must be read in light of FRCP 8(a), which requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because of the limited pleading requirements of the Federal Rules, it has been noted that "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." *Margarita Cellars v. Pac. Coast Packaging*, 189 F.R.D. 875, 878 (N.D. Cal. 1998). But "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may, in his discretion . . . require such detail as may be appropriate in the particular case . . . ." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's form complaint contains four causes of action: (1) negligence; (2) intentional tort; (3) premises liability; and (4) products liability. In support of her claim of negligence, plaintiff only states "[y]ou have a faulty system which created a security breach that allowed other [sic] to hack into my computer and caused me to lose my means of employment." The complaint goes on to include a second general negligence claim stating:

> Was the windows 95 print program ever upgraded? The hackers would in the background and the printer icon shows up in Windows 98 and the other current versions. If it was never upgraded Microsoft's employees would have knowledge of that. My printer does strange things and strange things appear on my computer.

Plaintiff's intentional tort claim states:

> Microsoft will need to provide a history report on the maintenance of their servers since they are not being maintained properly. This is an intentional act. Microsoft has created a premises liability issue. (1) would be a hacker more than one would be a crime ring. Microsoft is supporting a crime ring.

Plaintiff's remaining claims contain similar language. Defendant's motion for a more definite statement is **GRANTED**. Plaintiff's complaint is entirely vague, ambiguous, and incomprehensible to the point that defendant would be unable to formulate any responsive pleading. Accordingly, plaintiff is ordered to file a more definite statement with respect to all claims asserted. The hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 10, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE M. LASKEY, | Case Number: CV08-01465 WHA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MICROSOFT CORP. et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Laurie Marie Laskey
113 Del Webb Drive
Cloverdale, CA 95425

Dated: June 10, 2008

Richard W. Wieking, Clerk
By: Dawn Toland, Deputy Clerk