WARREN J. RHEAUME (admitted *pro hac vice*)
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7098
Telephone: (206) 447-0900
Facsimile: (206) 447-0849
Email: Warren.Rheaume@hellerehrman.com

LESLIE N. HARVEY, State Bar No. 241203
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: Leslie.Harvey@hellerehrman.com

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, and DOES 1 through 1000, inclusive,<br><br>    Defendants. | Case No. CV-08-1465-WHA<br><br>**DEFENDANT MICROSOFT'S CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO FED. R. CIV. P. 26(f)** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Defendant Microsoft Corporation ("Microsoft") submits the following Case Management Statement and Rule 26(f) Report. Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 16-3 and this Court's Order dated May 19, 2008, the parties' counsel met and conferred on May 27, 2008. Plaintiff represented herself, and Defendant was represented by Warren Rheaume and Leslie Harvey of Heller Ehrman LLP.

The parties initially agreed to file a joint case management statement, but Plaintiff later determined that she wished to file a separate statement.

1

DEFENDANT'S CASE MANAGEMENT STATEMENT & RULE 26(f) REPORT
Case No. CV-08-1465-WHA

## JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff Laurie Marie Laskey, a citizen of North Carolina, and Defendant Microsoft Corporation, a corporation with its principle place of business in Washington state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. No parties have raised or intend to raise a personal jurisdiction affirmative defense. This action was removed from Sonoma County Superior Court pursuant to 28 U.S.C. §§ 1441 and 1446. This district and division embrace the place where the state action was originally filed.

All named parties have been served. Plaintiff has also named 1000 fictitiously named "Doe" defendants, but none of these defendants have been named or served. The parties have discussed a proposed deadline of **July 31, 2008** for any additional parties to be named and served.

## FACTS

**Plaintiff's Complaint**

The facts of this case are not yet clear at this preliminary stage in the litigation, and Microsoft has filed a motion for a more definite statement due to a lack of factual clarity in Plaintiff's Complaint.

Broadly stated, this case arises out of Plaintiff's allegation that unknown hacker(s) accessed one or more of her computers, resulting in the theft of her identity. Plaintiff alleges that Microsoft maintained a faulty server or system that contributed to this security breach of her computers. In the Complaint, Plaintiff asserts claims for negligence, various intentional torts, premises liability, and products liability. The Complaint further indicates that Plaintiff seeks to hold Microsoft liable for "other" causes of action such as "Computer crimes, Identity Theft, FCC Invasions, Code Violations, Technical Violations, Split Tunneling, Security Breach, Invasion of privacy, stalking, etc." Plaintiff's Complaint alleges that the damage occurred on four dates – October 17, 2002, November 11, 2002, November 19, 2002 and May 8, 2003. Plaintiff has further indicated during meet and

Heller Ehrman LLP

2

DEFENDANT'S CASE MANAGEMENT STATEMENT & RULE 26(f) REPORT
Case No. CV-08-1465-WHA

confer that she seeks to hold Microsoft liable for an alleged breach by Microsoft of the contract between Microsoft and a third party, the Internet Assigned Numbers Authority.

Microsoft has not yet answered the Complaint. To the extent it can understand Plaintiff's allegations at this stage, it denies them in their entirety. Microsoft believes that Plaintiff's entire case is based upon a fundamental misunderstanding of basic computer and internet technology.

**Principal Factual Issues in Dispute**

The following principal factual issues are currently in dispute:

- the scope of any relationship that Microsoft may have had with Plaintiff;
- whether hackers accessed Plaintiff's computer;
- whether Plaintiff's identity was stolen;
- whether Plaintiff was injured as a result of any alleged hacking or identity theft;
- whether Microsoft (including its systems, servers, products, or employees) was the cause of any injury to Plaintiff;
- the date(s) when Plaintiff first became aware of the allegations contained in the Complaint.

## LEGAL ISSUES

The legal issues in dispute include the following:

- whether Microsoft had a duty to Plaintiff and whether Microsoft breached that duty;
- whether Microsoft intentionally acted in a way that harmed Plaintiff;
- whether any of Microsoft's products were defective;
- whether Plaintiff has standing to bring a cause of action for breach of contract when Plaintiff was not a party to that contract;
- whether Plaintiff's claims are barred by the applicable statutes of limitations; and

- whether Plaintiff's claims give rise to liability under any cognizable cause of action under the laws of the United States or State of California.

## MOTIONS

On June 10, 2008, the Court granted Microsoft's unopposed motion for a more definite statement pursuant to Rule 12(e), vacating the hearing date set for June 19, 2008.

Microsoft anticipates that it may file a motion to dismiss in the near future. Microsoft may also file a summary judgment motion at a later stage of the litigation, if necessary. Plaintiff indicated during meet and confer that she does not anticipate making any motions at this time.

## AMENDMENT OF PLEADINGS

Microsoft has not yet answered the Complaint. The parties discussed a proposed deadline of **October 1, 2008** for amendment of all pleadings, in order to permit sufficient time for the parties and the Court to resolve the outstanding pleading issues still pending.

## EVIDENCE PRESERVATION

The parties agree to preserve evidence specifically related to this case. Plaintiff has stated that she will retain and not alter all hard copies of documents relevant to this case, as well as all computers or other electronic media that she claims are relevant to her claims.

Microsoft further states that it cannot yet understand the Complaint filed by Plaintiff or the facts alleged therein as they relate to Microsoft. Microsoft has accordingly requested that Plaintiff identify the Microsoft servers or systems that she believes caused her injuries, in order to implement appropriate preservation measures for those servers and systems.

## DISCLOSURES

Pursuant to the Court's order of May 23, 2008, the parties agreed to serve their initial disclosures on June 12, 2008.

## DISCOVERY

**Discovery Taken To Date**

The parties have not yet taken any discovery in this action.

**Discovery Topics**

- Defendant will require discovery on topics including but not limited to: Plaintiff's computers that she alleges were "hacked" into or "attached"; information demonstrating that hackers or other unauthorized persons or entities accessed and/or used Plaintiff's personal information to her detriment (including any reports, correspondence, or communications with any individuals, governmental agencies, law enforcement agencies or other corporate entities such as internet service providers, credit bureaus, financial institutions or services companies, etc.); the lawsuits filed by Plaintiff listed below in "Related Cases"; Plaintiff's medical and/or psychological records; information demonstrating the nature and extent of any injuries suffered by Plaintiff; Plaintiff's employment history.

**Electronic Discovery**

The parties agreed during meet and confer that Defendant will make any productions of digital information in electronic format (e.g., on CDs or DVDs). The parties have further agreed that Plaintiff may deliver any productions to Defendant in hard copy format. Plaintiff also agrees to make available for inspection to Defendant any original computers or other original electronic media containing relevant data, upon Defendant's request. The parties have agreed that the producing party will bear the cost of preserving, producing, and restoring any digital information produced and that the requesting party will bear the cost of printing any such digital information received.

**Discovery Plan**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and agreed to propose the following discovery plan:

*Depositions:* With regard to depositions under Fed. R. Civ. P. 30 and 31, the parties agreed that each side would be entitled to take ten fact witness depositions without special order of the Court. These depositions will be limited to one day of seven hours. In the case of Rule 30(b)(6) depositions, the parties agreed that each such notice would count as one

deposition for purposes of determining the numerical limit on depositions, but that the deposition of each person designated to testify would be limited to one day of seven hours a day for each topic they are designated for. In addition to ten fact witness depositions per side, the parties agreed that every testifying expert could be deposed for up to two days of seven hours per day, and there is no limit on the amount of expert depositions. Such limitations can be modified by joint agreement of the parties.

*Interrogatories:* With respect to interrogatories under Fed. R. Civ. P. 33, the parties agreed that each party would be permitted up to twenty-five interrogatories, counting each discrete subpart as a separate interrogatory, without special order of the Court.

*Document Requests:* With regard to requests for documents and things under Fed. R. Civ. P. 34, the parties agreed there would be no numerical limitation.

*Requests for Admission:* With regard to requests for admissions under Fed. R. Civ. P. 36, the parties agreed that each side would be allowed to serve fifty requests for admissions without special order of the Court.

**CLASS ACTIONS**

This matter is not a class action.

**RELATED CASES**

The following cases, all of which were filed in late 2007 and early 2008, are related to the instant action:

- *Laurie Marie Laskey v. RCN Corporation*: Northern District of California Case No. 3:08-cv-1333-WHA[1];
- *Laurie Marie Laskey v. America Online, a corporation, King, an unknown entity, and Local Host, an unknown entity*: Sonoma County Superior Court Case No. SCV-242027;
- *Laurie Marie Laskey v. AT&T Corporation*: Sonoma County Superior Court Case No. SCV-242043;

---

[1] A case management conference is also scheduled in this action before Judge Alsup on June 19, 2008.

- *Laurie Marie Laskey v. Adobe Systems Incorporated*: Sonoma County Superior Court Case No. SCV-242050;
- *Laurie Marie Laskey v. Charles Industries*: Sonoma County Superior Court Case No. SCV-242051;
- *Laurie Marie Laskey v. Sun Microsystems, Inc.*: Sonoma County Superior Court Case No. SCV-242054;
- *Laurie Marie Laskey v. Corning Cable Systems LLC*: Sonoma County Superior Court Case No. SCV-242058;
- *Laurie Marie Laskey v. AT&T Inc.*: Sonoma County Superior Court Case No. SCV-242062;
- *Laurie Marie Laskey v. Proctor & Gamble Company*: Sonoma County Superior Court Case No. SCV-242071;
- *Laurie Marie Laskey v. Intel Corporation*: Sonoma County Superior Court Case No. SCV-242073;
- *Laurie Marie Laskey v. PG&E*: Sonoma County Superior Court Case No. SCV-242074
- *Laurie Marie Laskey v. Strong Incorporated*: Sonoma County Superior Court Case No. SCV-242078;
- *Laurie Marie Laskey v. Cabela's Inc.*: Sonoma County Superior Court Case No. SCV-242079;
- *Laurie Marie Laskey v. Vision Infosoft*: Sonoma County Superior Court Case No. SCV-242081;
- *Laurie Marie Laskey v. Cisco Technology Inc.*: Sonoma County Superior Court Case No. SCV-242170;
- *Laurie Marie Laskey v. Shiloh Group LLC*: Sonoma County Superior Court Case No. SCV-242288;
- *Laurie Marie Laskey v. Platt Electrical Supply Inc.*: Sonoma County Superior Court Case No. SCV-242289;

- *Laurie Marie Laskey v. Fidelity Investments Institutional Operations Company*: Sonoma County Superior Court Case No. SCV-242290;
- *Laurie Marie Laskey v. United Online*: Sonoma County Superior Court Case No. SCV-242291;
- *Laurie Marie Laskey v. SBC Global Services*: Sonoma County Superior Court Case No. SCV-242774;
- *Laurie Marie Laskey v. Verizon*: Sonoma County Superior Court Case No. SCV-242779; and
- *Laurie Marie Laskey v. Pacific Bell*: Sonoma County Superior Court Case No. SCV-242887.

**RELIEF**

Plaintiff seeks compensatory and punitive damages.  She claims to have suffered damages for wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, along with other damages such as a lower credit score, expense of discovery, case related expenses, emotional distress, attorneys fees, and discrimination.  Plaintiff has provided the following estimated totals to Defendant:

- estimated medical expenses: $16,000
- estimated future medical expenses: $3,000,000
- estimated lost earnings: $351,500
- estimated future lost earnings: $1,420,000

Defendant Microsoft has not yet answered or filed counterclaims, but may seek the following relief at the appropriate time:

- for costs of suit and attorney's fees incurred in this action; and
- for such other and further relief as this Court may deem just and equitable.

**SETTLEMENT AND ADR**

Pursuant to the Court's ADR Local Rules, the parties have agreed to an early settlement conference with a Magistrate Judge.  On May 28, 2008, the parties filed a joint

Notice of Need for ADR Phone Conference in order to request that this settlement conference be scheduled. The parties' positions on settlement, however, appear to be incompatible at this stage of the litigation.

### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Microsoft consented to adjudication by a magistrate judge during an earlier stage of this litigation, but Plaintiff did not consent at that time.

### OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### NARROWING OF ISSUES

Microsoft does not believe that the partiescan narrow any issues by agreement at this early stage of the litigation.

Microsoft further states that it believes that there are a number of issues that can be resolved by motions pursuant to Rule 12(b)(6) or by summary judgment and that resolution of these issues could be dispositive. Issues that may be included in such motions include whether Plaintiff's claims are barred by applicable statutes of limitations.

### EXPEDITED SCHEDULE

Microsoft does not believe that this case is appropriate to be handled on an expedited basis with streamlined procedures.

### SCHEDULING

Microsoft proposes the following case schedule. This schedule was discussed in detail during the meet and confer process between the parties, and Plaintiff has not offered alternate dates for any of the following deadlines:

| Event | Date |
| --- | --- |
| Deadline to serve initial disclosures | June 12, 2008 |
| Initial case management conference | June 19, 2008 |

| | |
|---|---|
| Deadline to serve any additional parties | July 31, 2008 |
| Deadline to amend pleadings | October 1, 2008 |
| Fact Discovery Cutoff | January 30, 2009 |
| Expert Reports | February 27, 2009 |
| Deadline to Complete Expert Discovery | March 31, 2009 |
| Deadline to File Dispositive Motions | April 30, 2009 |
| Deadline to File Pretrial Conference Statement | June 12, 2008 |
| Pretrial Conference | June 18, 2009 |
| Trial | July 16, 2009 |

## TRIAL

The parties have both requested that this case be tried to the bench. The parties estimate the expected length of the trial to be 4 days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Microsoft has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Microsoft reiterates other than the named parties, there is no such interest to report.

Respectfully submitted,

Dated:  June 12, 2008

By: *s/ Leslie N. Harvey*
  LESLIE N. HARVEY
  HELLER EHRMAN LLP
  Attorneys for Defendant
  MICROSOFT CORPORATION

Heller Ehrman LLP

10
DEFENDANT'S CASE MANAGEMENT STATEMENT & RULE 26(f) REPORT
Case No. CV-08-1465-WHA