WARREN J. RHEAUME (admitted *pro hac vice*)
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7098
Telephone: (206) 447-0900
Facsimile: (206) 447-0849
Email: Warren.Rheaume@hellerehrman.com

LESLIE N. HARVEY, State Bar No. 241203
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268
Email:  Leslie.Harvey@hellerehrman.com

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, and DOES 1 through 1000, inclusive,<br><br>　　　　　　Defendants. | Case No. CV-08-1465-WHA<br><br>**REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, SECOND MOTION FOR A MORE DEFINITE STATEMENT;**<br><br>Date: September 4, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th floor<br>Judge: William H. Alsup |

Plaintiff has utterly failed to address the merits or substance of Microsoft's Motion to Dismiss. The basis of this motion is that the case must be dismissed because there is not an operative complaint on file. The Court granted Microsoft's Motion for a More Definite Statement on June 10, 2008, but Plaintiff did not file an amended complaint within the required time period under Federal Rule of Civil Procedure 12(e). In her opposition to this Motion to Dismiss, Plaintiff does not attempt to justify her failure to comply with the procedural mandates of this Court. Accordingly, this action should be dismissed.

Furthermore, Plaintiff does not explain to the Court how the various procedural and substantive flaws in her case could be cured by another opportunity to amend. Microsoft's Motion to Dismiss is also based upon the fact that Plaintiff's causes of action, even if properly asserted, are all barred by applicable statutes of limitations. Plaintiff has completely failed to address the statute of limitations problem in her opposition to this motion.

Instead, Plaintiff focuses her opposition on an untrue and unfounded assertion that Microsoft has somehow admitted liability. Even if this assertion was true, it would be irrelevant in determining this motion to dismiss, which depends solely on whether the *Plaintiff* has properly stated a claim.[1] But this assertion is also completely untrue; Microsoft has never suggested or admitted that it is liable for any alleged injuries to Plaintiff. Microsoft has always maintained that Plaintiff's claims are wholly without merit and has vigorously disputed liability.

Plaintiff's reasoning appears to be based upon her erroneous interpretation of Microsoft's initial disclosures, in which Microsoft makes reference to a Microsoft product called ICW5 (Microsoft's Internet Connection Wizard 5.0). Plaintiff asserts that because Microsoft "disclosed" that ICW5 is a Microsoft product, Microsoft has somehow admitted that it is responsible for products liability in this case. Nothing could be further from the truth.

---

[1] Plaintiff has also indicated that she needs to take additional discovery, but this request is similarly irrelevant to the instant motion.

2
REPLY ISO MICROSOFT'S MOTION TO DISMISS
Case No. CV-08-1465-WHA

Heller Ehrman LLP

1  In its initial disclosures, Microsoft simply identified documents relating to ICW5 as
2  potentially relevant to this litigation.  *See* Harvey Decl., Ex. 1, Microsoft's Initial
3  Disclosures at p. 3:12-14.  It did so *solely* because Plaintiff indicated in other filings with
4  the Court that she believed there was a problem with ICW5 on her computer.  *See* Dkt. #38.
5  Consequently, documents describing what ICW5 is and how it works could constitute
6  potentially relevant evidence that Microsoft "may use to support its claims or defenses."
7  Fed. R. Civ. Proc. 26 (a)(1)(A)(ii).  Microsoft is required to disclose such documents under
8  Federal Rule of Civil Procedure 26(a).  Admitting that documents describing ICW5 could
9  constitute relevant evidence in this case, however, does not amount to an admission that
10 ICW5 was defective or that ICW5 caused injury to Plaintiff.  Plaintiff is asking this Court to
11 make an astonishing logical leap with absolutely no support for her assertions.  Her
12 interpretation can only be based on a fundamental misunderstanding of what Rule 26(a)
13 initial disclosures are.
14  For the reasons set forth above and also in Microsoft's opening memorandum, the
15 Court should grant Microsoft's motion to dismiss this action in its entirety with prejudice.

Dated:  August 18, 2008

Respectfully submitted by,
HELLER EHRMAN LLP

By: */s/ Leslie N. Harvey*  _____
    LESLIE N. HARVEY
    Attorneys for Defendant
    MICROSOFT CORPORATION

Heller Ehrman LLP

3
REPLY ISO MICROSOFT'S MOTION TO DISMISS
Case No. CV-08-1465-WHA