United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAURIE M. LASKEY,

    Plaintiff,

  v.

MICROSOFT CORPORATION, and DOES 1 through 1000, inclusive

    Defendant.

No. C 08-01465 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT**

    In this tort action, defendant Microsoft Corp., moves to dismiss or, in the alternative, for a more definite statement. Plaintiff *pro se* Laurie Marie Laskey filed this action on January 30, 2008, in state court. The case was removed on March 17, 2008. Defendant then moved for a more definite statement. The motion was granted. The order granting defendant's motion for a more definite statement stated in relevant part (Dkt. 39):

> Plaintiff's form complaint contains four causes of action: (1) negligence; (2) intentional tort; (3) premises liability; and (4) products liability. In support of her claim of negligence, plaintiff only states "[y]ou have a faulty system which created a security breach that allowed other [sic] to hack into my computer and caused me to lose my means of employment." The complaint goes on to include a second general negligence claim stating:
>
>> Was the windows 95 print program ever upgraded? The hackers would in the background and the printer icon shows up in Windows 98 and the other current versions. If it was never upgraded Microsoft's employees would have knowledge of that.

> My printer does strange things and strange
> things appear on my computer.

Plaintiff's intentional tort claim states:

> Microsoft will need to provide a history
> report on the maintenance of their servers
> since they are not being maintained
> properly. This is an intentional act.
> Microsoft has created a premises liability
> issue. (1) would be a hacker more than one
> would be a crime ring. Microsoft is
> supporting a crime ring.

> Plaintiff's remaining claims contain similar language. . . .
> Plaintiff's complaint is entirely vague, ambiguous, and
> incomprehensible to the point that defendant would be unable
> to formulate any responsive pleading.

The day before the order issued, Laskey filed a document entitled "More Defined Statement" (Dkt. 38). That document does not purport to be an amended complaint, but instead is a list of numbered paragraphs attaching several exhibits taken from various screenshots of websites appearing on Laskey's computer. It does not contain any cause of action or prayer for relief. Three weeks later Laskey served defendants with what appears to be a further revision to the "More Defined Statement" entitled "More Defined Statement Rev #1," which includes further narrative paragraphs and additional exhibits. To date, Laskey has filed no amended complaint.

Defendant now moves to dismiss, or in the alternative, for a more definite statement. Laskey has failed to address any of the merits of the motion. Her opposition, in its entirety, states the following (Dkt. 61):

> Response: I am not in agreement with defendants motion to
> dismiss. Based on the evidence presented defendant has
> disclosed that the printer browser ICW5 is defendants product.
> Disclosure establishes product lianility based on disclvery.
> Defendant's product is being used for online identity theft. I
> have been injured because of it.

> Further Discovery:

> Further discovery is required based on 1) Defendant's
> employees and or defendants contract agreement and or
> agreements with others and or their employees "who
> programmed" ICW5. 2) The programming in relation to and
> or for ICW5. 3) The type of phone system and or systems
> defendant utilizes. 4) The internet "gateway" and or gateways
> defendant utilized. 5) The type of system and or systems
> defendant utilizes. 6) Who designed defendant's system and or

2

> systems? 7) Interrogatories.  8) Request for document production.  9) Discovery to remain open.
>
> Conclusion: How can plaintiffs case be dismissed now that counsel for the defendant has disclosed liability?  I pray to the courts for justice.

It is not entirely clear, but it appears as though "ICW5" is short for one of Microsoft's products.

FRCP 12(e) states (emphasis added):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  *If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order*.

Despite having ample opportunity and time, Laskey has still not filed any amended complaint in this action.  Her documents entitled "More Defined Statement" and "More Defined Statement Rev #1" do not suffice for much the same reason that her original complaint was inadequate. Allowing Laskey yet another opportunity to cure the many defects in her case is hard to justify. Nonetheless, Laskey will be given one more opportunity file a more definite pleading.  Such pleading must be filed within ten calender days of this order.  Failure to do so will result in dismissal of this action with prejudice.  The hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 2, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAURIE M. LASKEY,

        Plaintiff,

  v.

MICROSOFT CORP. et al,

        Defendant.

Case Number: CV08-01465 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Laurie Marie Laskey
120 Briar Hollow Dr.
Jacksonville, NC 28540

Dated: September 2, 2008

        Richard W. Wieking, Clerk
        By: Dawn Toland, Deputy Clerk